# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1   Rev. 2-13
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**See page 2 for instructions**

| | |
|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. | **TO:** Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |
| ☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. | |
| ☐ "X" if claiming other relief in addition to or in lieu of money or damages. | |

| Address of court clerk where writ and other papers shall be filed. *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548-2700 | August | 27 | 2019 |
| | | Month | Day | Year |

| ☒ Judicial District | G.A. | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | Number | Hartford | Major: **C** | Minor: **20** |

## For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Neil Johnson, Esq., P.O. Box 55, Tolland, Connecticut 06084 | 102940 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 860 ) 527-9611 | |

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|---|
| First Plaintiff | Name: | Benitez, Angel | P-01 |
| | Address: | 7 Douglas Street Hartford, CT 06114 | |
| Additional Plaintiff | Name: | | P-02 |
| | Address: | | |
| First Defendant | Name: | Good2Go Insurance, Inc. | D-01 |
| | Address: | 1400 Union Meeting Road, Suite 250 Blue Bell, PA 19422 Agent for Service: Coporations Service Company; 50 Weston Street, Hartford, CT 06120 | |
| Additional Defendant | Name: | | D-02 |
| | Address: | | |
| Additional Defendant | Name: | | D-03 |
| | Address: | | |
| Additional Defendant | Name: | | D-04 |
| | Address: | | |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left | Date signed |
|---|---|---|---|
| | | Neil Johnson, Esq. | 08/06/2019 |

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | **A TRUE COPY ATTEST:** |
|---|---|---|
| | | *Joseph A. Homelson* |
| Name and address of person recognized to prosecute in the amount of $250: | | **JOSEPH A. HOMELSON** |
| Marissa Waseleski, 124 Jefferson Street, Hartford, Connecticut 06106 | | **STATE MARSHAL** |

| Signed *(Official taking recognizance, "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Date | Docket Number |
|---|---|---|---|
| | | 08/06/2019 | |

(Page 1 of 2)

| RETURN DATE:  AUGUST 27, 2019 | : | SUPERIOR COURT |
| ANGEL BENITEZ | : | J.D. OF HARTFORD |
| VS. | : | AT HARTFORD |
| OMNI INSURANCE "GOOD2GO INSURANCE, INC.", ET AL | : | AUGUST 6, 2019 |

## COMPLAINT

## COUNT I: DIRECT ACTION (CONNECTICUT GENERAL STATUTE 38A-321)

1. On or about June 19, 2015, the plaintiff, Angel Benitez was operating his scooter, proceeding in a southerly direction on Washington Street, a public street or highway located in the town of Hartford, Connecticut, approaching its intersection with Allen Place Apartments.

2. On said dated, Henry Jemison was operating a motor vehicle owned by the defendant Saprina Jemison, with her permission as a family car. The defendant, Henry Jemison was proceeding in a northerly direction on Washington Street, a public street or highway; the defendant, Henry Jemison attempted to make a left turn into Allen Place Apartments and collided with the plaintiff's scooter.

3. Said collision was caused by the neglect and reckless conduct of the defendant, Henry Jemison.

4. The plaintiff, Angel Benitez was injured as a result of the Henry Jemison's negligence and reckless conduct.

1

5. The plaintiff, Angel Benitez obtained a judgment against the Henry Jemison and Saprina Jemison, on June 24, 2019, Docket No.: HHD-CV17-6078587-S, pursuant to the Court Order attached hereto as Exhibit "A".

6. More than thirty (30) days have lapsed and payment has not been received.

7. The plaintiff brings this action pursuant to the Direct Action Statute C.G.S. 38a-321.

8. The defendant, Good2Go Insurance, Inc a/k/a Omni Insurance, hereinafter referred to as OMNI, provided automobile insurance coverage to the defendants Saprina Jemison and Henry Jemison, pursuant to a Connecticut contract for automobile insurance coverage.

9. The insurance contract purported to contain a disclaimer as allowed under Connecticut Law, pursuant to Connecticut General Statutes section 38a-334(d).

10. The policy, attached hereto as Exhibit "B" and the Endorsement, attached hereto as Exhibit "C" do not comply with the requirements of Connecticut General Statutes section 38a-334(d). The endorsement is not specific in nature, nor is it signed and endorsed by the applicant.

11. The insured signed an "Application" for insurance, attached hereto as Exhibit "D." The application is referenced in the policy and is clearly called an application.

13. The defendant's failure to secure a disclaimer of coverage for Henry Jemison, in compliance with Connecticut General Statutes 38a-334(d), required the defendant provide defense and coverage for the claim; the defendant declined to do so, pursuant to a letter attached hereto as Exhibit "E".

14. Wherefore, the defendant OMNI is liable for the full judgment ordered by the Court against it's insureds Henry and Saprina Jemison, as referenced in paragraph 5 above.

2

**COUNT II CUPIA BY CUTPA**

1. Paragraphs 1-14 of Count One are hereby made paragraphs 2-15 of this Count II as if fully set forth herein.

16. The "Application" attached hereto as Exhibit "D" constitutes an estimate, illustration, circular, or statement, sales presentation, omission, or comparison within the meaning of Connecticut Unfair Insurance Practices Act (CUIPA), pursuant to Connecticut General Statutes section 38a-816(1)(a).

17. Said "Application" contained and constitutes a misrepresentation and false advertisement of an insurance policy disclaimer contract.

18. The negligent misrepresentations are contained within the "Application", Policy and Endorsement.

19. The disclaimer statements were made by the defendant OMNI as a misrepresentation of fact.

20. The defendants knew or should have known that a disclaimer pursuant to an "Application" and not an endorsement does not comply with C.G. S. 38a-334(d) for obtaining automobile insurance.

21. The insured relied on the misrepresentation contained in the "Application" in agreeing to pay a premium for coverage, when in fact the insured could have acquired insurance coverage from another company that would not have disclaimed her husband from coverage and provide a defense and coverage for the accident that resulted in a verdict against her and her husband.

22. The application attached hereto as Exhibit "D" is a violation of C.G.S. 38a-816(8) in that it is a misrepresentation in insurance applications. The insurer made false

3

and or fraudulent statements and representation as to coverage in said application, for the purpose of obtaining a fee, money, and other benefit from the insurer in writing a disclaimer policy in violation of Connecticut law.

23. Wherefore, the plaintiff claims the "Application" is not part of the policy or endorsement and therefore constitutes a misrepresentation of coverage required under Connecticut law to cover a spouse and resident relatives, which the "Application" purports to disclaim.

24. Every disclaimer policy written by the defendant, Omni Insurance, in Connecticut follows the same format of the application being signed and not the endorcement.

25. The foregoing conduct is a violation of CUIPA, which constitutes a violation of the Connecticut Unfair Trade Practices Act (CUTPA) C.G.S. 42-110b(a).

26. The plaintiff brings this action pursuant to C.G.S. 42-110g class action to represent himself and all other persons similarly situated who were injured by a person insured under defendant OMNI's disclaimer policy, who suffered injuries and is a resident of the State of Connecticut or was injured in this State.

The Plaintiff

BY: _____

Neil Johnson, Esq.
P.O. Box 55
Toland, CT 06084
(860) 985-4400
Juris No.: 102940

4



A TRUE COPY ATTEST:

JOSEPH A. HOMELSON
STATE MARSHAL

**WHEREFORE,** Plaintiff claims one or more of the following forms of relief:

## COUNT 1
1. Damages;
2. Costs;
3. Attorney Fees; and
4. Such other and further relief as in law and equity this Court may further provide.

## Count 2
1. Damages;
2. Costs;
3. Attorney Fees;
4. Punitive Damages;
5. Such other and further relief as in law and equity this Court may further provide; and
6. Class action status.

The Plaintiff

BY: _____

Neil Johnson, Esq.
P.O. Box 55
Toland, CT 06084
(860) 985-4410
Juris No.: 102940

5

A TRUE COPY ATTEST:

JOSEPH A. HOMELSON
STATE MARSHAL

| RETURN DATE:  AUGUST 27, 2019 | : | SUPERIOR COURT |
|---|---|---|
| ANGEL BENITEZ | : | J.D. OF HARTFORD |
| VS. | : | AT HARTFORD |
| OMNI INSURANCE "GOOD2GO INSURANCE, INC.", ET AL | : | AUGUST 6, 2019 |

## STATEMENT OF AMOUNT IN DEMAND

The plaintiff claims money damages in excess of fifteen thousand dollars ($15,000.00), plus interest and costs.

The Plaintiff

BY: _____

Neil Johnson, Esq.
P.O. Box 55
Toland, CT 06084
(860) 985-4410
Juris No.: 102940

6

A TRUE COPY ATTEST:

*Joseph A. Homelson*

JOSEPH A. HOMELSON
STATE MARSHAL

# Exhibit "A"

ORDER    415596

DOCKET NO: HHDCV176078587S

BENITEZ, ANGEL
        V.
JEMISON, SAPRINA Et Al

SUPERIOR COURT

JUDICIAL DISTRICT OF HARTFORD
    AT HARTFORD

6/12/2019

## ORDER

ORDER REGARDING:
05/21/2019 111.00 PROPOSED ORDER

The foregoing, having been heard by the Court, is hereby:

ORDER:

After a hearing in damages:
1. Concerning defendant Saprina Jemison, the vehicle owner, as to economic damages, the court finds that the plaintiff is entitled to recover economic damages in the amount of $83,487.34. As to noneconomic damages, the court finds that the plaintiff is entitled to recover $250,000.00. Total damages awarded are $333,487.34.
2. As to defendant Henry Jemison, the operator of the vehicle, as to economic damages, the court finds that the plaintiff is entitled to recover economic damages in the amount of $83,487.34. As to noneconomic damages, the court finds that the plaintiff is entitled to recover $250,000.00. In view of the felony conviction of this defendant resulting from the subject incident, these amounts are trebled pursuant to General Statutes Sec. 14-295. As trebled, the total damages awarded are $1,000,462.12.
3. Costs are awarded in the amount of $1,053.05.
4. If no collateral source hearing pursuant to General Statutes § 52-225a (b) is requested within ten days, judgment may enter in the above-stated amounts.

Per order of the court (Shapiro, J) 6/12/2019
sao/ac on 6/12/20198

Judicial Notice (JDNO) was sent regarding this order.

415596

Judge: ROBERT B SHAPIRO

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

| 111.00 | 05/21/2019 | P | **PROPOSED ORDER** 🗊<br>*RESULT:* Order 6/12/2019 HON ROBERT SHAPIRO | No |
|--------|------------|---|---|-----|
| 111.86 | 06/12/2019 | C | **ORDER** 🗊<br>*RESULT:* Order 6/12/2019 HON ROBERT SHAPIRO | No |
| 112.00 | 05/28/2019 | P | **MILITARY AFFIDAVIT** 🗊<br>Saprina Jemison | No |
| 113.00 | 05/28/2019 | P | **MILITARY AFFIDAVIT** 🗊<br>Henry Jemison | No |
| 114.00 | 06/05/2019 | C | **LIST OF EXHIBITS (JD-CL-28/JD-CL-28a)** 🗊 | No |
| 115.00 | 06/24/2019 | C | **JUDGMENT AFTER COMPLETED TRIAL TO THE COURT - HEARING IN DAMAGES**<br>*RESULT:* HON ROBERT SHAPIRO | No |

| **Scheduled Court Dates as of 08/05/2019** | | | | |
|---|---|---|---|---|
| **HHD-CV17-6078587-S - BENITEZ, ANGEL v. JEMISON, SAPRINA Et Al** | | | | |
| **#** | **Date** | **Time** | **Event Description** | **Status** |
| | | | No Events Scheduled | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed. To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar and Family Support Magistrate Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

All matters on a family support magistrate calendar are presumed ready to go forward.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil🗗 or family🗗 standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars and Family Support Magistrate Calendars by going to the Civil/Family Case Look-Up🗗 page and Short Calendars By Juris Number🗗 or By Court Location🗗.

Periodic changes to terminology that do not affect the status of the case may be made. This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Copyright © 2019, State of Connecticut Judicial Branch

Exhibit "B"



# Personal Auto Policy

•

*Omni Insurance Company*

•

# CONNECTICUT

Form 0906                    Connecticut (01/09)

## Personal Auto Policy Cover Sheet –
# Connecticut

**Your** personal auto insurance policy is a legal contract between **you** and **your** insurance company.

**READ YOUR POLICY CAREFULLY.** This cover sheet provides only a brief outline of some of the important features of **your** policy. This is not the insurance contract and only the actual policy provisions will control. The policy itself sets forth, in detail, the rights and obligations of both **you** and **your** insurance company. **IT IS THEREFORE IMPORTANT THAT YOU READ YOUR POLICY CAREFULLY.**

The following is an index of the major provisions of **your** policy. Page numbers refer to the location of these provisions in the policy. Amendatory endorsements may be attached to **your** policy to modify these provisions or provide **you** with additional coverage(s).

## INDEX
## MAJOR POLICY PROVISIONS

**AGREEMENT** ...................................................1

**DEFINITIONS** .................................................1

**PART A - LIABILITY COVERAGE** ................5
    Insuring Agreement
    Supplementary Payments
    Exclusions
    Limit of Liability
    Out of State Coverage
    Financial Responsibility
    Other Insurance

i

**PART B - MEDICAL PAYMENTS
COVERAGE**.................................................**11**
    Insuring Agreement
    Exclusions
    Limit of Liability
    Other Insurance

**PART C - UNINSURED / UNDERINSURED
MOTORISTS COVERAGE** ...........................**13**
    Insuring Agreement
    Exclusions
    Limit of Liability
    Other Insurance
    Arbitration
    Uninsured Motorist Conversion Coverage

**PART D - COVERAGE FOR DAMAGE TO
YOUR AUTO**................................................**20**
    Insuring Agreement
    Limited Transportation Expenses
    Exclusions
    Limit of Liability
    Payment of Loss
    Loss Payable Clause
    No Benefit to Bailee
    Other Sources of Recovery
    Appraisal

**PART E - YOUR DUTIES AFTER AN
ACCIDENT OR LOSS** ...................................**27**

**PART F - GENERAL PROVISIONS** .............**28**
    Bankruptcy
    Changes
    Fraud
    Legal Action Against Us
    Our Right to Recover Payment
    Policy Period and Territory
    Termination
    Transfer of Your Interest in This Policy
    Two or More Auto Policies

# ENDORSEMENTS

(Only those listed in the Declarations are
effective on **your** policy)

**0906-2  RENTAL REIMBURSEMENT /
TRANSPORTATION EXPENSES**................35

**0906-3 TOWING AND LABOR COSTS
COVERAGE**...................................................36

**0906-4  STATED AMOUNT
COVERAGE**...................................................36

**0906-6  CUSTOMIZING EQUIPMENT
COVERAGE (Additional Equipment)**........37

**0906-8  NAMED DRIVER EXCLUSION**......38

**0906-9  NAMED NON-OWNER
COVERAGE**...................................................39
Definitions
Liability Coverage
Medical Payments Coverage
Uninsured/Underinsured Motorists Coverage

**0906-10  ADDITIONAL INSURED -
LESSOR** .......................................................42

**0906-11  SUSPENSION OF COVERAGE**...43

**0906-12  REINSTATMENT OF
INSURANCE**.................................................43

**0806-16  FEDERAL EMPLOYEES USING
AUTOS IN GOVERNMENT BUSINESS**......44

This list is <u>not</u> inclusive. There may be other
endorsements attached to **your** policy.

## READ YOUR POLICY AND ALL ENDORSEMENTS TO YOUR POLICY CAREFULLY.

Form 0906                    Connecticut (01/09)

iii

# PERSONAL AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, **we** agree with **you** as follows:

## DEFINITIONS

A. Throughout this policy, **you** and **your** refer to the **named insured** shown in the Declarations; and

   1. The spouse; or

   2. A party who has joined in a civil union with the **named insured** recognized under Connecticut law;

if a resident of the same household.

If the spouse or party who has joined in a civil union with the **named insured** ceases to be a resident of the same household during the policy period or prior to the inception of this policy, the spouse or such party will be considered **you** and **your** under this policy but only until the earlier of:

   1. The end of 90 days following the spouse's or such party's change of residency;

   2. The effective date of another policy listing the spouse or such party as a named insured; or

   3. The end of the policy period.

B. **We, us** and **our** refer to the Company providing this insurance.

C. For purposes of this policy, a private passenger type auto, pickup or van shall be deemed to be owned by a person if leased:

   1. Under a written agreement to that person; and

   2. For a continuous period of at least 6 months.

Other words and phrases are defined. They are in **boldface** when used.

D. **Bodily injury** means bodily harm, sickness or disease, including death that results.

1

E. **Business** includes trade, profession or occupation.

F. **Diminution in value** means the actual or perceived loss in market or resale value which results from a direct or accidental loss.

G. **Family member** means a person related to **you** by blood, marriage or adoption who is a resident of **your** household. This includes a ward or foster child.

H. **Occupying** means:
1. In;
2. Upon; or
3. Getting in, on, out or off.

I. **Property damage** means physical injury to, destruction of or loss of use of tangible property.

J. **Trailer** means a vehicle designed to be pulled by a:
1. Private passenger auto; or
2. Pickup or van.

It also means a farm wagon or farm implement while towed by a vehicle listed in **1.** or **2.** above.

K. **Your covered auto** means:
1. Any vehicle shown in the Declarations.
2. A **newly acquired auto**.
3. Any **trailer you** own.
4. Any auto or **trailer you** do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
   a. Breakdown;
   b. Repair;
   c. Servicing;
   d. Loss; or
   e. Destruction.

This Provision (**K.4.**) does not apply to Coverage For Damage To Your Auto.

L. **Newly acquired auto:**
1. **Newly acquired auto** means any of the following types of vehicles **you** become the owner of during the policy period:

2

      a. A private passenger auto; or

      b. A pickup or van, for which no other insurance policy provides coverage, that:

        (1) Has a Gross Vehicle Weight Rating of 10,000 lbs. or less; and

        (2) Is not used for the delivery or transportation of goods and materials unless such use is:

          (a) Incidental to **your business** of installing, maintaining or repairing furnishings or equipment; or

          (b) For farming or ranching.

2. Coverage for a **newly acquired auto** is provided as described below. If **you** ask **us** to insure a **newly acquired auto** after a specified time period described below has elapsed, any coverage **we** provide for a **newly acquired auto** will begin at the time **you** request the coverage.

      a. For any coverage provided in this policy except Coverage For Damage To Your Auto, a **newly acquired auto** will have the broadest coverage **we** now provide for any vehicle shown in the Declarations. Coverage begins on the date **you** become the owner. However, for this coverage to apply to a **newly acquired auto** which is in addition to any vehicle shown in the Declarations, **you** must ask **us** to insure it within 14 days after **you** become the owner.

      If a **newly acquired auto** replaces a vehicle shown in the Declarations, coverage is provided for this vehicle without **your** having to ask **us** to insure it.

      b. Collision Coverage for a **newly acquired auto** begins on the date **you** become the owner. However, for this coverage to apply, **you** must ask **us** to insure it within:

3

(1) 14 days after **you** become the owner if the Declarations indicate that Collision Coverage applies to at least one auto. In this case, the **newly acquired auto** will have the broadest coverage **we** now provide for any auto shown in the Declarations.

(2) Four days after **you** become the owner if the Declarations do not indicate that Collision Coverage applies to at least one auto. If **you** comply with the 4 day requirement and a loss occurred before **you** asked **us** to insure the **newly acquired auto,** a Collision deductible of $500 will apply.

c. Other Than Collision Coverage for a **newly acquired auto** begins on the date **you** become the owner. However, for this coverage to apply, **you** must ask **us** to insure it within:

(1) 14 days after **you** become the owner if the Declarations indicate that Other Than Collision Coverage applies to at least one auto. In this case, the **newly acquired auto** will have the broadest coverage **we** now provide for any auto shown in the Declarations.

(2) Four days after **you** become the owner if the Declarations do not indicate that Other Than Collision Coverage applies to at least one auto. If **you** comply with the 4 day requirement and a loss occurred before **you** asked **us** to insure the **newly acquired auto,** an Other Than Collision deductible of $500 will apply.

M. Throughout this policy, **minimum limits** refers to the following limits of liability as required by Connecticut law, to be

4

provided under a policy of automobile liability insurance:

1. $20,000 for each person, subject to $40,000 for each accident, with respect to **bodily injury**; and
2. $10,000 for each accident with respect to **property damage**.

# PART A - LIABILITY COVERAGE

## INSURING AGREEMENT

A. **We** will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the **insured**. **We** will settle or defend, as **we** consider appropriate, any claim or suit asking for these damages. In addition to **our** limit of liability, **we** will pay all defense costs **we** incur. **Our** duty to settle or defend ends when **our** limit of liability for this coverage has been exhausted by payment of judgments or settlements. **We** have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

B. **Insured** as used in this Part means:

1. **You** or any **family member** for the ownership, maintenance or use of any auto or **trailer**.
2. Any person using **your covered auto**.
3. For **your covered auto**, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
4. For any auto or **trailer**, other than **your covered auto**, any other person or organization but only with respect to legal responsibility for acts or omissions of **you** or any **family member** for whom coverage is afforded under this Part. This Provision (**B.4.**) applies only

5

if the person or organization does not own or hire the auto or **trailer**.

## SUPPLEMENTARY PAYMENTS

**We** will pay on behalf of an **insured**:

1. Up to $100 for the cost of all bail bonds required because of an accident or traffic law violation.
2. Premiums on appeal bonds and bonds to release attachments in any suit **we** defend.
3. Interest accruing after a judgment is entered in any suit **we** defend. **Our** duty to pay interest ends when **we** offer to pay that part of the judgment which does not exceed **our** limit of liability for this coverage.
4. Up to $200 a day for loss of earnings, but not other income, because of attendance at hearings or trials at **our** request.
5. Other reasonable expenses incurred at **our** request.

**We** will:

1. Arrange, upon **your** request, for the issuance of a bond to release an attachment. However, the amount of the bond will not be greater than the limits of liability for Liability Coverage.
2. Pay all expenses incurred by an **insured** for first aid to others at the time of the accident.

These payments will not reduce the limit of liability.

## EXCLUSIONS

A. **We** do not provide Liability Coverage for any **insured**:
  1. Who intentionally causes **bodily injury** or **property damage**.
  2. For **property damage** to property owned or being transported by that **insured**.
  3. For **property damage** to property:
     a. Rented to;
     b. Used by; or

    c. In the care of;
that **insured**.
This Exclusion (**A.3.**) does not apply to
**property damage** to a residence or
private garage.

4. For **bodily injury** to an employee of
that **insured** during the course of
employment. This Exclusion (**A.4.**) does
not apply to **bodily injury** to a
domestic employee unless workers'
compensation benefits are required or
available for that domestic employee.

5. For that **insured's** liability arising out of
the ownership or operation of a vehicle
while it is being used as a public or
livery conveyance. This Exclusion
(**A.5.**) does not apply to a share-the-
expense car pool.

6. While employed or otherwise engaged
in the **business** of:
    a. Selling;
    b. Repairing;
    c. Servicing;
    d. Storing; or
    e. Parking;
vehicles designed for use mainly on
public highways. This includes road
testing and delivery. This Exclusion
(**A.6.**) does not apply to the ownership,
maintenance or use of **your covered
auto** by:
    a. **You**;
    b. Any **family member**; or
    c. Any partner, agent or employee of
       **you** or any **family member**.

7. Maintaining or using any vehicle while
that **insured** is employed or otherwise
engaged in any **business** (other than
farming or ranching) not described in
Exclusion **A.6.**
This Exclusion (**A.7.**) does not apply to
the maintenance or use of a:
    a. Private passenger auto;
    b. Pickup or van; or

7

c. **Trailer** used with a vehicle described in **a.** or **b.** above.

8. Using a vehicle without a reasonable belief that that **insured** is entitled to do so. This Exclusion (**A.8.**) does not apply to a **family member** using **your covered auto** which is owned by **you.**

9. For **bodily injury** or **property damage** for which that **Insured**:

a. Is an insured under a nuclear energy liability policy; or

b. Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

A nuclear energy liability policy is a policy issued by any of the following or their successors:

a. Nuclear Energy Liability Insurance Association;

b. Mutual Atomic Energy Liability Underwriters; or

c. Nuclear Insurance Association of Canada.

B. **We** do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle which:

a. Has fewer than four wheels; or

b. Is designed mainly for use off public roads.

This Exclusion (**B.1.**) does not apply:

a. While such vehicle is being used by an **Insured** in a medical emergency;

b. To any **trailer**; or

c. To any non-owned golf cart.

2. Any vehicle, other than **your covered auto,** which is:

a. Owned by **you;** or

b. Furnished or available for **your** regular use.

3. Any vehicle, other than **your covered auto,** which is:

a. Owned by any **family member;** or

b. Furnished or available for the regular use of any **family member.**

However, this Exclusion (**B.3.**) does not apply to **you** while **you** are maintaining or **occupying** any vehicle which is:
   a. Owned by a **family member**; or
   b. Furnished or available for the regular use of a **family member**.
4. Any vehicle, located inside a facility designed for racing, for the purpose of:
   a. Competing in; or
   b. Practicing or preparing for;
   any prearranged or organized racing or speed contest.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for each person for Bodily Injury Liability is **our** maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is **our** maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is **our** maximum limit of liability for all **property damage** resulting from any one auto accident.

This is the most **we** will pay regardless of the number of:
1. **Insureds**;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
1. Part **B** or Part **C** of this policy; or
2. Any Underinsured Motorists Coverage provided by this policy.

9

**OUT OF STATE COVERAGE**

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, **we** will interpret **your** policy for that accident as follows:

A. If the state or province has:

    1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, **your** policy will provide the higher specified limit.

    2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, **your** policy will provide at least the required minimum amounts and types of coverage.

B. No one will be entitled to duplicate payments for the same elements of loss.

**FINANCIAL RESPONSIBILITY**

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

**OTHER INSURANCE**

If there is other applicable liability insurance **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide for a vehicle **you** do not own, including any vehicle while used as a temporary substitute for **your covered auto,** shall be excess over any other collectible insurance unless it is a vehicle insured under a policy affording coverage to a **named insured** engaged in the **business** of selling or repairing motor vehicles. If this occurs and the accident arises out of the operation of such vehicle by **you** or a **family member** who is neither the person engaged in such **business** nor such person's

employee or agent, **we** will provide primary insurance.

# PART B - MEDICAL PAYMENTS COVERAGE

## INSURING AGREEMENT

A. **We** will pay reasonable expenses incurred for necessary medical and funeral services because of **bodily injury**:
   1. Caused by accident; and
   2. Sustained by an **insured**.

   **We** will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

B. **Insured** as used in this Part means:
   1. **You** or any **family member**:
      a. While **occupying**; or
      b. As a pedestrian when struck by;
      a motor vehicle designed for use mainly on public roads or a trailer of any type.
   2. Any other person while **occupying your covered auto**.

## EXCLUSIONS

**We** do not provide Medical Payments Coverage for any **insured** for **bodily injury**:

1. Sustained while **occupying** any motorized vehicle having fewer than four wheels.
2. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This Exclusion (**2.**) does not apply to a share-the-expense car pool.
3. Sustained while **occupying** any vehicle located for use as a residence or premises.
4. Occurring during the course of employment if workers' compensation benefits are required or available for the **bodily injury**.
5. Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:

11

a. Owned by **you**; or
b. Furnished or available for **your** regular use.

6. Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:
   a. Owned by any **family member**; or
   b. Furnished or available for the regular use of any **family member**.
   However, this Exclusion (**6.**) does not apply to **you**.

7. Sustained while **occupying** a vehicle without a reasonable belief that that **insured** is entitled to do so. This Exclusion (**7.**) does not apply to a **family member** using **your covered auto** which is owned by **you**.

8. Sustained while **occupying** a vehicle when it is being used in the **business** of an **insured**. This Exclusion (**8.**) does not apply to **bodily injury** sustained while **occupying** a:
   a. Private passenger auto;
   b. Pickup or van; or
   c. **Trailer** used with a vehicle described in **a.** or **b.** above.

9. Caused by or as a consequence of:
   a. Discharge of a nuclear weapon (even if accidental);
   b. War (declared or undeclared);
   c. Civil war;
   d. Insurrection; or
   e. Rebellion or revolution.

10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:
    a. Nuclear reaction;
    b. Radiation; or
    c. Radioactive contamination.

11. Sustained while **occupying** any vehicle located inside a facility designed for racing, for the purpose of:
    a. Competing in; or
    b. Practicing or preparing for;
    any prearranged or organized racing or speed contest.

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Declarations for this coverage is **our** maximum limit of liability for each person injured in any one accident. This is the most **we** will pay regardless of the number of:

1. **Insureds**;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part **A** or Part **C** of this policy; or
2. Any Underinsured Motorists Coverage provided by this policy.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide with respect to a vehicle **you** do not own, including any vehicle while used as a temporary substitute for **your covered auto**, shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

# PART C - UNINSURED / UNDERINSURED MOTORIST COVERAGE

**INSURING AGREEMENT**

A. **We** will pay compensatory damages which an **Insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** because of **bodily injury**:

13

1. Sustained by an **insured**; and
2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or **underinsured motor vehicle**.

Any judgment for damages arising out of a suit brought without **our** written consent is not binding on **us**.

**We** will pay under this coverage only after the limits of liability under any bodily injury liability bonds or policies applicable to the **underinsured motor vehicle** have been exhausted by payment of judgments or settlements.

B. **Insured** as used in this Part means:
   1. **You** or any **family member**.
   2. Any other person **occupying your covered auto**.
   3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in Paragraph **1.** or **2.** above.

C. **Uninsured motor vehicle** means a land motor vehicle or **trailer** of any type:
   1. To which no bodily injury liability bond or policy applies at the time of the accident.
   2. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **bodily injury** without hitting:
      a. **You** or any **family member;**
      b. A vehicle which **you** or any **family member** are **occupying**; or
      c. **Your covered auto**.

   If there is no physical contact with the vehicle causing the accident the **insured** must prove by a fair preponderance of the evidence that the injuries resulted from the negligence of an unidentified motorist.

14

3. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
   a. Denies coverage; or
   b. Is or becomes insolvent.

However, **uninsured motor vehicle** does not include any vehicle or equipment owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

**Underinsured motor vehicle** means a land motor vehicle or **trailer** of any type for which the sum of the limits of liability under all bodily injury liability bonds or policies applicable at the time of the accident is less than the limit of liability for this coverage.

However, **underinsured motor vehicle** does not include any vehicle or equipment:

1. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:
   a. Denies coverage; or
   b. Is or becomes insolvent.
2. Owned or operated by a self-insurer under any applicable motor vehicle law.

In addition, neither **uninsured motor vehicle** nor **underinsured motor vehicle** includes any vehicle or equipment:

1. Owned by or furnished or available for **your** regular use.
2. Owned by any governmental unit or agency.
3. Operated on rails or crawler treads.
4. Designed mainly for use off public roads while not on public roads.
5. While located for use as a residence or premises.

## EXCLUSIONS

A. We do not provide Uninsured/Underinsured Motorists Coverage for **bodily injury** sustained:
   1. By an **insured** while **occupying**, or

when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

2. By any **family member** while **occupying**, or when struck by, any motor vehicle **you own** which is insured for this coverage on a primary basis under any other policy.

B. **We** do not provide Uninsured/Underinsured Motorists Coverage for **bodily injury** sustained by any **insured**:

1. If that **insured** or the legal representative settles the **bodily injury** claim and such settlement prejudices **our** right to recover payment. However, this Exclusion (**B.1.**) does not apply with respect to damages an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle**.

2. While **occupying your covered auto** when it is being used as a public or livery conveyance. This Exclusion (**B.2.**) does not apply to a share-the-expense car pool.

3. Using a vehicle without a reasonable belief that that **insured** is entitled to do so. This Exclusion (**B.3.**) does not apply to a **family member** using **your covered auto** which is owned by **you**.

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

1. Workers' compensation law; or
2. Disability benefits law.

D. **We** do not provide Uninsured/Underinsured Motorists Coverage for punitive or exemplary damages.

16

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Declarations for each person for Uninsured/Underinsured Motorists Coverage is **our** maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Uninsured/Underinsured Motorists Coverage is **our** maximum limit of liability for all damages for **bodily injury** resulting from any one accident. This is the most **we** will pay regardless of the number of:

1. **Insureds**;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

B. The limit of liability shall be reduced by all sums:

1. Paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part **A**; and
2. Paid or payable because of the **bodily injury** under any workers' compensation law or similar law.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **B** of this policy.

D. **We** will not make duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

E. **We** will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

1. Workers' compensation law; or
2. Disability benefits law.

**OTHER INSURANCE**

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this endorsement:

A. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on a primary, secondary or excess basis.

B. Subject to Paragraph **A.** above, with respect to **bodily injury** to an **insured**:

1. While **occupying** a vehicle owned by that **insured**, only the Uninsured/Underinsured Motorists Coverage applicable to that vehicle will apply, and no other policies or provisions of coverage will apply.

2. While **occupying** a vehicle not owned by that **insured**, including any vehicle while used as a temporary substitute for **your covered auto**, or while not **occupying** any vehicle, the following priorities of recovery apply:

| | |
|---|---|
| **First** | The Uninsured/Underinsured Motorists Coverage applicable to the vehicle the **insured** was **occupying** at the time of the accident. |
| **Second** | Any policy affording Uninsured/Underinsured Motorists Coverage to the **insured** as a named insured. |
| **Third** | Any policy affording Uninsured/Underinsured Motorists Coverage to the **insured** as a **family member**. |

18

C. With respect to the second and third priorities, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all limits applicable on the same level of priority.

## ARBITRATION

If **we** and an **insured** do not agree:

1. Whether that person is legally entitled to recover damages under this Part; or
2. As to the amount of the damages;

then the matter may be arbitrated. However, both parties must agree to arbitration.

If the amount of damages the **insured** demands is $40,000 or less, the matter or matters upon which either party do not agree shall be settled by a single arbitrator. In this event, each party will:

1. Pay the expenses it incurs; and
2. Bear the expenses of the arbitrator equally.

If the amount of damages the **insured** demands exceeds $40,000, each party will select an arbitrator.

The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. In this event, each party will:

1. Pay the expenses it incurs; and
2. Bear the expenses of the third arbitrator equally.

Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. Any decision agreed to by the arbitrator(s) will be binding as to:

1. Whether the **insured** is legally entitled to recover damages; and
2. The amount of damages.

## UNDERINSURED MOTORIST CONVERSION COVERAGE

If the Declarations indicate that Underinsured

19

Motorists Conversion Coverage applies, the
following provisions apply:

A. The definition of **underinsured motor
vehicle** is replaced by the following:
**Underinsured motor vehicle** means a
land motor vehicle or **trailer** of any type
for which the sum of all payments received
by or on behalf of the **insured**, from or on
behalf of any persons or organizations
who may be legally responsible, is less
than the fair, just and reasonable damages
of the **insured**.

B. With respect to coverage provided under
the above definition of **underinsured
motor vehicle**, Paragraph **B.** of the Limit
Of Liability provision does not apply.

# PART D - COVERAGE FOR
# DAMAGE TO YOUR AUTO

**INSURING AGREEMENT**

A. **We** will pay for direct and accidental loss
to **your covered auto** or any **non-owned
auto**, including their equipment, minus any
applicable deductible shown in the
Declarations. If loss to more than one
**your covered auto** or **non-owned auto**
results from the same **collision**, only the
highest applicable deductible will apply.
**We** will pay for loss to **your covered auto**
caused by:

1. Other than **collision** only if the
Declarations indicate that Other Than
Collision Coverage is provided for that
auto.

2. **Collision** only if the Declarations
indicate that Collision Coverage is
provided for that auto.

If there is a loss to a **non-owned auto, we**
will provide the broadest coverage
applicable to any **your covered auto**
shown in the Declarations.

B. **Collision** means the upset of **your
covered auto** or a **non-owned auto** or

20

their impact with another vehicle or object. Loss caused by the following is considered other than **collision**:

1. Missiles or falling objects;
2. Fire;
3. Theft or larceny;
4. Explosion or earthquake;
5. Windstorm;
6. Hail, water or flood;
7. Malicious mischief or vandalism;
8. Riot or civil commotion;
9. Contact with bird or animal; or
10. Breakage of glass.

If breakage of glass is caused by a **collision**, **you** may elect to have it considered a loss caused by **collision**.

C. **Non-owned auto** means:

1. Any private passenger auto, pickup, van or **trailer** not owned by or furnished or available for the regular use of **you** or any **family member** while in the custody of or being operated by **you** or any **family member**; or
2. Any auto or **trailer you** do not **own** while used as a temporary substitute for **your covered auto** which is out of normal use because of its:
   a. Breakdown;
   b. Repair;
   c. Servicing;
   d. Loss; or
   e. Destruction.

D. **We** will pay under Other Than Collision Coverage for the cost of repairing or replacing damaged safety glass on **your covered auto** without a deductible. **We** will pay only if:

1. The Declarations indicate that Other Than Collision or Comprehensive Coverage applies; and
2. A specific premium charge for Full Safety Glass (Full Glass) Coverage is shown in the Declarations.

**LIMITED TRANSPORTATION EXPENSES**

In addition, **we** will pay up to $20 per day, to a maximum of $300, for transportation expenses incurred by **you**. This applies only in the event of the total theft of **your covered auto**. **We** will pay only transportation expenses incurred during the period:

1. Beginning 48 hours after the theft is reported to the police; and
2. Ending when **your covered auto** is returned to use or **we** pay for its loss.

**We** will not pay for the cost of transportation incurred by an **insured** if there is a theft of only a **trailer**.

**EXCLUSIONS**

**We** will not pay for:

1. Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This Exclusion (**1.**) does not apply to a share-the-expense car pool.
2. Damage due and confined to:
   a. Wear and tear;
   b. Freezing;
   c. Mechanical or electrical breakdown or failure; or
   d. Road damage to tires.
   This Exclusion (**2.**) does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto**.
3. Loss due to or as a consequence of:
   a. Radioactive contamination;
   b. Discharge of any nuclear weapon (even if accidental);
   c. War (declared or undeclared);
   d. Civil war;
   e. Insurrection; or
   f. Rebellion or revolution.
4. Loss to any electronic equipment that reproduces, receives or transmits audio, visual or data signals. This includes but is not limited to:
   a. Radios and stereos;
   b. Tape decks;

    c. Compact disk systems;

    d. Navigation systems;

    e. Internet access systems;

    f. Personal computers;

    g. Video entertainment systems;

    h. Telephones;

    i. Televisions;

    j. Two-way mobile radios;

    k. Scanners; or

    l. Citizens band radios.

    This Exclusion (**4.**) does not apply to electronic equipment that is permanently installed in **your covered auto** or any **non-owned auto**.

5. Loss to tapes, records, disks or other media used with equipment described in Exclusion **4.**

6. A total loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities.

    This Exclusion (**6.**) does not apply to the interests of Loss Payees in **your covered auto**.

7. Loss to:

    a. A **trailer**, camper body, or motor home, which is not shown in the Declarations; or

    b. Facilities or equipment used with such **trailer**, camper body or motor home. Facilities or equipment include but are not limited to:

        (1) Cooking, dining, plumbing or refrigeration facilities;

        (2) Awnings or cabanas; or

        (3) Any other facilities or equipment used with a **trailer**, camper body, or motor home.

    This Exclusion (**7.**) does not apply to a:

    a. **Trailer,** and its facilities or equipment, which **you** do not **own**; or

    b. **Trailer,** camper body, or the facilities or equipment in or attached to the **trailer** or camper body, which **you:**

(1) Acquire during the policy period; and

(2) Ask **us** to insure within 14 days after **you** become the owner.

8. Loss to any **non-owned auto** when used by **you** or any **family member** without a reasonable belief that **you** or that **family member** are entitled to do so.

9. Loss to equipment designed or used for the detection or location of radar or laser.

10. Loss to any custom furnishings or equipment in or upon any pickup or van. Custom furnishings or equipment include but are not limited to:

   a. Special carpeting or insulation;

   b. Furniture or bars;

   c. Height-extending roofs; or

   d. Custom murals, paintings or other decals or graphics.

   This Exclusion (**10.**) does not apply to a cap, cover or bedliner in or upon any **your covered auto** which is a pickup.

11. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

   a. Selling;

   b. Repairing;

   c. Servicing;

   d. Storing; or

   e. Parking;

   vehicles designed for use on public highways. This includes road testing and delivery.

12. Loss to **your covered auto** or any **non-owned auto,** located inside a facility designed for racing, for the purpose of:

   a. Competing in; or

   b. Practicing or preparing for;

   any prearranged or organized racing or speed contest.

13. Loss to, or loss of use of, a **non-owned auto** rented by:

   a. **You**; or

   b. Any **family member**;

   if a rental vehicle company is precluded

24

from recovering such loss or loss of use, from **you** or that **family member**, pursuant to the provisions of any applicable rental agreement or state law.

14. Loss to **your covered auto** or any **non-owned auto** due to **diminution in value**.

## LIMIT OF LIABILITY

A. **Our** limit of liability for loss will be the lesser of the:

1. Actual cash value of the stolen or damaged property; or
2. Amount necessary to repair or replace the property with other property of like kind and quality.

However, the most **we** will pay for loss to:

1. Any **non-owned auto** which is a **trailer** is $500.
2. Electronic equipment that reproduces, receives or transmits audio, visual or data signals, which is permanently installed in the auto in locations not used by the auto manufacturer for installation of such equipment, is $1,000.

B. If a repair or replacement results in better than like kind or quality, **we** will not pay for the amount of the betterment.

## PAYMENT OF LOSS

**We** may pay for loss in money or repair or replace the damaged or stolen property. **We** may, at **our** expense, return any stolen property to:

1. **You**; or
2. The address shown in this policy.

If **we** return stolen property **we** will pay for any damage resulting from the theft. **We** may keep all or part of the property at an agreed or appraised value.

If **we** pay for loss in money, **our** payment will include the applicable sales tax for the damaged or stolen property.

## LOSS PAYABLE CLAUSE

Loss or damage under this policy shall be paid, as interest may appear, to **you** and the loss payee shown in the Declarations. This insurance with respect to the interest of the loss payee, shall not become invalid because of **your** fraudulent acts or omissions unless the loss results from **your** conversion, secretion or embezzlement of **your covered auto**. However, **we** reserve the right to cancel the policy as permitted by policy terms and the cancellation shall terminate this agreement as to the loss payee's interest. **We** will give the same advance notice of cancellation to the loss payee as **we** give to the **named insured** shown in the Declarations. When **we** pay the loss payee **we** shall, to the extent of payment, be subrogated to the loss payee's rights of recovery.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, **we** will pay only our share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the **non-owned auto**;
2. Any other applicable physical damage insurance;
3. Any other source of recovery applicable to the loss.

## APPRAISAL

A. If **we** and **you** do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select

26

an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and
2. Bear the expenses of the appraisal and umpire equally.

B. **We** do not waive any of **our** rights under this policy by agreeing to an appraisal.

# PART E - DUTIES AFTER AN ACCIDENT OR LOSS

**We** have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to **us**:

A. **We** must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:
1. Cooperate with **us** in the investigation, settlement or defense of any claim or suit.
2. Promptly send **us** copies of any notices or legal papers received in connection with the accident or loss.
3. Submit, as often as **we** reasonably require:
   a. To physical exams by physicians **we** select. **We** will pay for these exams.
   b. To examination under oath and subscribe the same.
4. Authorize **us** to obtain:
   a. Medical reports; and
   b. Other pertinent records.
5. Submit a proof of loss when required by **us**.

C. A person seeking Uninsured / Underinsured Motorists Coverage must also:

27

1. Promptly notify the police if a hit-and-run driver is involved.
2. Promptly send **us** copies of the legal papers if a suit is brought.

D. A person seeking Coverage For Damage To Your Auto must also:
1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and their equipment from further loss. **We** will pay reasonable expenses incurred to do this.
2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.
3. Permit **us** to inspect and appraise the damaged property before its repair or disposal.

# PART F - GENERAL PROVISIONS

**BANKRUPTCY**
Bankruptcy or insolvency of the **insured** shall not relieve **us** of any obligations under this policy.

**CHANGES**
A. This policy contains all the agreements between **you** and **us**. Its terms may not be changed or waived except by endorsement issued by **us**.
B. If there is a change to the information used to develop the policy premium, **we** may adjust **your** premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:
1. The number, type or use classification of insured vehicles;
2. Operators using insured vehicles;
3. The place of principal garaging of insured vehicles;
4. Coverage, deductible or limits.

If a change resulting from **A.** or **B.** requires a premium adjustment, **we** will make the

premium adjustment in accordance with **our** manual rules.

C. If **we** make a change which broadens coverage under this edition of **your** policy without additional premium charge, that change will automatically apply to **your** policy as of the date **we** implement the change in **your** state. This Paragraph (**C.**) does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

   1. A subsequent edition of **your** policy; or

   2. An Amendatory Endorsement.

**FRAUD**

**We** do not provide coverage for any **insured** who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

**LEGAL ACTION AGAINST US**

A. No legal action may be brought against **us** until there has been full compliance with all the terms of this policy. In addition, under Part **A.**, no legal action may be brought against **us** until:

   1. **We** agree in writing that the **insured** has an obligation to pay; or

   2. The amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring **us** into any action to determine the liability of an **insured**.

**OUR RIGHT TO RECOVER PAYMENT - Part A, B and D Only**

A. If **we** make a payment under this policy and the person to or for whom payment was made has a right to recover damages

from another **we** shall be subrogated to that right. That person shall do:

1. Whatever is necessary to enable **us** to exercise **our** rights; and
2. Nothing after loss to prejudice them.

However, **our** rights in this Paragraph (**A.**) do not apply under Part **D**, against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

B. If **we** make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for **us** the proceeds of the recovery; and
2. Reimburse **us** to the extent of **our** payment.

C. This provision does not apply to Part **B - Medical Payments Coverage.**

**OUR RIGHT TO RECOVER PAYMENT — Part C Only**

With respect to Part **C - Uninsured/Underinsured Motorist Coverage**:

A. **We** may require the insured to hold in trust all rights against third parties.
B. If **we** make payment under this policy and the person to or for whom payment was made has a right to recover damages from another **we** may require that person to exercise that person's right to recover damages against a third party and reimburse **us** out of any recovery to the extent of **our** payment.
C. This provision does not apply with respect to damages caused by an accident with an **underinsured motor vehicle.**

**POLICY PERIOD AND TERRITORY**

A. This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and
2. Within the policy territory.

30

B. The policy territory is:
  1. The United States of America, its territories or possessions;
  2. Puerto Rico; or
  3. Canada.

  This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

## TERMINATION
### A. **Cancellation**

This policy may be cancelled during the policy period as follows:

1. The **named insured** shown in the Declarations may cancel by:
   a. Returning this policy to **us**; or
   b. Giving **us** advance written notice of the date cancellation is to take effect.

2. **We** may cancel by mailing by registered or certified mail or United States Post Office certificate of mailing to the **named insured** shown in the Declarations at the address shown in this policy:
   a. At least 15 days notice if cancellation is for nonpayment of the first premium, and this is not a renewal or continuation policy;
   b. At least 10 days notice:
      (1) If cancellation is for nonpayment of premium other than as described in **A.2.a.** above; or
      (2) If cancellation is due to material misrepresentation and notice is mailed during the first 60 days this policy is in effect and this is not a renewal or continuation policy; or
   c. At least 45 days notice in all other cases.

3. After this policy is in effect for 60 days, or if this is a renewal or continuation policy, **we** will cancel only:

31

    a. For nonpayment of premium; or

    b. If **your** driver's license or that of:

       (1) Any driver who lives with **you**; or

       (2) Any driver who customarily uses **your covered auto**;

      has been revoked. This must have occurred:

       (a) During the policy period; or

       (b) Since the last anniversary of the original effective date if the policy period is other than 1 year; or

## B. Nonrenewal

If **we** decide not to renew or continue this policy, **we** will mail notice by registered or certified mail or United States Post Office certificate of mailing to the **named insured** shown in the Declarations at the address shown in this policy. Notice will be mailed at least 60 days before the end of the policy period. Subject to this notice requirement, if the policy period is:

1. Less than 6 months, **we** will have the right not to renew or continue this policy every 6 months, beginning 6 months after its original effective date.

2. 6 months or longer, but less than one year, **we** will have the right not to renew or continue this policy at the end of the policy period.

3. 1 year or longer, **we** will have the right not to renew or continue this policy at each anniversary of its original effective date.

## C. Automatic Termination

If **we** offer to renew or continue and **you** or **your** representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that **you** have not accepted **our** offer.

**We** will mail or deliver any premium billing notice for renewal or continuation of this policy to the **named insured** shown in the Declarations at the address shown in this

policy not less than 30 days in advance of the renewal date or anniversary date of this policy.

If **you** obtain other insurance on **your covered auto**, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

D. **Other Termination Provisions**

1. **We** may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.
2. If this policy is cancelled, **you** may be entitled to a premium refund. If so, **we** will send **you** the refund. The premium refund, if any, will be computed according to **our** manuals. However, making or offering to make the refund is not a condition of cancellation.
3. The effective date of cancellation stated in the notice shall become the end of the policy period.

## TRANSFER OF YOUR INTEREST IN THIS POLICY

A. **Your** rights and duties under this policy may not be assigned without **our** written consent. However, if a **named insured** shown in the Declarations dies, coverage will be provided for:

1. The surviving:
   a. Spouse; or
   b. Party who has joined in a civil union with the **named insured** recognized under Connecticut law;

   if resident in the same household at the time of death. Coverage applies to the spouse or party who has joined in a civil union with the **named insured** as if a **named insured** shown in the Declarations; and
2. The legal representative of the deceased person as if a **named insured** shown in the Declarations. This applies only with respect to the

33

representative's legal responsibility to
maintain or use **your covered auto**.

B. Coverage will only be provided until the
end of the policy period.

## TWO OR MORE AUTO POLICIES

If this policy and any other auto insurance
policy issued to **you** by **us** apply to the same
accident, the maximum limit of **our** liability
under all the policies shall not exceed the
highest applicable limit of liability under any
one policy.

IN WITNESS Whereof, **we** have caused this
policy to be executed and attested.

Bruce Arneson, President

William Lockhorn, Chairman

(ISO PP 00 01 01 05, PP 04 91 01 05, PP 01
54 08 06, PP 13 01 12 99, PP 03 15 06 94,
 PP 03 05 08 86)
Copyright, Insurance Services Office, Inc., 2003.

34

Exhibit "C"

THE FOLLOWING ENDORSEMENT ONLY APPLIES IF
FORM 0906-2 APPEARS ON THE POLICY
DECLARATIONS

# RENTAL REIMBURSEMENT / TRANSPORTATION EXPENSES

In consideration of the premium charged and paid, **we** will pay for:

A. Temporary transportation expenses incurred by **you** in the event of loss to **your covered auto. We** will pay for such expenses if the loss is caused by:

    1. Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for any **your covered auto.**

    2. **Collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto**.

B. Loss of use expenses for which **you** become legally responsible in the event of loss to a **non-owned auto. We** will pay for loss of use expenses if the loss is caused by:

    1. Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for any **your covered auto.**

    2. **Collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto**.

C. **We** will pay only expenses beginning when the **auto** is withdrawn from use for more than 24 hours. **Our** payment will be limited to that period of time reasonably required to repair or replace **your covered auto** or the **non-owned auto**.

D. The limit of liability shall not exceed the limit shown for this coverage in the Declarations. The total payment under this endorsement shall not exceed the **actual cash value** of **your covered auto** or **non-owned auto** at the time of loss. **We** will pay only if **you** rent an auto from a licensed rental car agency.

**0906-2 (01/09) Includes copyrighted materials from Insurance Services Office, Inc., with its permission.**

THE FOLLOWING ENDORSEMENT ONLY APPLIES IF
FORM 0906-3 APPEARS ON THE POLICY
DECLARATIONS

# TOWING AND LABOR COSTS COVERAGE

PP 03 03 04 86

**We** will pay towing and labor costs necessary because of the disablement of **your covered auto** or a **non-owned auto**. The limit of liability shall not exceed the limit shown for this coverage in the Declarations. The labor must be performed at the place of disablement.

**0906-3 (01/09) Copyright, Insurance Services Offices, Inc., 1985, 1992.**

THE FOLLOWING ENDORSEMENT ONLY APPLIES IF
FORM 0906-4 APPEARS ON THE POLICY
DECLARATIONS

# STATED AMOUNT COVERAGE

PP 03 08 06 94

**NOTICE**
**The amount shown in the Declarations is not necessarily the amount you will receive at the time of loss or damage for the described property. PLEASE refer to the Limit of Liability provision below.**
With respect to the Coverage(s) shown as applicable to a vehicle described in the Declarations, the Limit of Liability provision in Part **D** - Coverage for Damage to Your Auto is replaced by the following:
**LIMIT OF LIABILITY**
A. **Our** limit of liability for loss will be the lesser of the:
   1. Amount shown in the Declarations.

36

2. Actual cash value of the stolen or damaged property; or
3. Amount necessary to repair or replace the property with other property of like kind and quality.

**Our** payment for loss will be reduced by any applicable deductible shown in the Declarations. If loss to more than one **your covered auto** results from the same **collision**, only the highest applicable deductible will apply.

B. If a repair or replacement results in better than like kind or quality, **we** will not pay for the amount of the betterment.

**0906-4 (01/09) Copyright, Insurance Services Office, Inc., 1993.**

---

THE FOLLOWING ENDORSEMENT ONLY APPLIES IF FORM 0906-6 APPEARS ON THE POLICY DECLARATIONS

---

# CUSTOMIZING EQUIPMENT COVERAGE (ADDITIONAL EQUIPMENT)

PP 03 18 01 05

With respect to coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

A. Exclusion **10.** of Part **D** - Coverage For Damage To Your Auto does not apply to coverage provided by this endorsement.

B. With respect to a vehicle for which the Declarations indicates that Customizing Equipment Coverage or Additional Equipment Coverage applies, **we** will pay for direct and accidental loss to custom furnishings or equipment including, but not limited to:

1. Special carpeting or insulation;
2. Furniture or bars;

3. Height-extending roofs; or

4. Custom murals, paintings, or other decals or graphics.

C. This coverage does not apply to furnishings or equipment that are excluded from coverage under Exclusions **4.**, **5.**, **7.** or **9.** of Part **D.**

**0906-6 (01/09) Copyright, Insurance Services Office, Inc., 2003.**

---

THE FOLLOWING ENDORSEMENT ONLY APPLIES IF FORM 0906-8 APPEARS ON THE POLICY DECLARATIONS

## NAMED DRIVER EXCLUSION

If **you** have asked **us** in **your** application to exclude any person from coverage under this policy, then **we** will not provide coverage for any claim arising from an accident or loss involving **your covered auto** or **non-owned auto** that occurs while it is being operated by the excluded person. This includes any claim for damages made against **you, family member** or any other person or organization that is liable for an accident arising out of the operation of **your covered auto** or **non-owned auto** by the excluded driver. This includes any claim for damages for any negligence, which may be imputed by law to **you** or a **family member** arising out of the maintenance, operation or use of a motor vehicle by the excluded person.

This Endorsement does not apply to **Part C. — Uninsured/Underinsured Motorist Coverage**.

The provisions of this endorsement supersede and exclude from the policy any contrary provision(s).

**0906-8 (01/09)**

38

THE FOLLOWING ENDORSEMENT ONLY APPLIES IF
FORM 0906-9 APPEARS ON THE POLICY
DECLARATIONS

# NAMED NON-OWNER COVERAGE

With respect to the individuals and coverages listed in the Declarations, the provisions of the policy apply unless modified by the endorsement.

I. **Definitions**

The **Definitions** Section is amended as follows:

A. The definitions of **you** and **your** are replaced by the following:

Throughout this policy, **you** and **your** refer to the individual named in the Declarations.

B. The definition of **family member** is replaced by the following:

**Family member** means a person related to **you** by blood, marriage or adoption, including a ward or foster child, if:

1. The person is a resident of **your** household; and

2. The Declarations indicate that coverage is provided for the named individual and **family members**.

C. The definition of **your covered auto** is replaced by the following:

**Your covered auto** means a **newly acquired auto**.

D. The definition of **newly acquired auto** is replaced by the following:

**Newly acquired auto** means any of the following types of vehicles on the date **you** become the owner:

1. A private passenger auto; or

2. A pickup or van that:

(a) Has a Gross Vehicle Weight Rating of 10,000 lbs. or less; and

(b) Is not used for the delivery or transportation of goods and materials unless such use is:

39

(1) Incidental to **your business** of maintaining or repairing furnishings or equipment; or

(2) For farming or ranching.

This provision applies only:

1. If **you** acquire the vehicle during the policy period; and

2. For 14 days after **you** become the owner.

This insurance does not apply if other insurance applies with respect to **newly acquired vehicles**.

II. **Part A - Liability Coverage**

Part **A** is amended as follows:

A. The definition of **insured** is amended by deleting reference to **family member**.

B. The **Exclusions** Section is amended as follows:

1. Exclusion **B.2.** is replaced by the following:

**We** do not provide Liability Coverage for the ownership, maintenance or use of any vehicle, other than **your covered auto**, which is owned by **you**.

2. The following exclusion is added:

**We** do not provide Liability Coverage for the ownership, maintenance or use of any vehicle, other than **your covered auto**, which is furnished or available for **your** regular use.

C. **OUT OF STATE COVERAGE**

If an auto accident to which this policy applies occurs in any state or province other than where **you** reside, **we** will interpret **your** policy for that accident as follows:

If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, **your** policy will provide the higher specified limit.

40

    2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, **your** policy will provide at least the required minimum amounts and types of coverage.

    No one will be entitled to duplicate payments for the same elements of loss.

III. **Part B - Medical Payments Coverage**

Part **B** is amended as follows:

A. The definition of **insured** is amended by deleting reference to **family member**.

B. The **Exclusions** Section is amended as follows:

    1. Exclusion **5.** is replaced by the following:

    **We** do not provide Medical Payments Coverage for any **insured** for **bodily injury** sustained while **occupying** or, when struck by, any vehicle (other than **your covered auto**) which is owned by **you**.

    2. The following exclusion is added:

    **We** do not provide Medical Payments Coverage for any **insured** for **bodily injury** sustained while **occupying**, or when struck by any vehicle, other than **your covered auto**, which is furnished or available for **your** regular use.

    However, this Exclusion (**2.**) does not apply if the Declarations indicate that the Vehicles Furnished Or Available For Regular Use Exclusion does not apply.

IV. **Part C - Uninsured / Underinsured Motorists Coverage**

Part **C** is amended as follows:

A. The definition of **insured** is amended by deleting reference to **family member**.

41

B. The definition of **uninsured motor vehicle** is amended as follows:
1. Any reference to the state in which **your covered auto** is principally garaged is amended to read the state in which **you** reside.
2. The hit-and-run vehicle section is amended by deleting reference to **family member**.

**0906-9 (01/09) Includes copyrighted materials from Insurance Services Office, Inc., with its permission.**

---

THE FOLLOWING ENDORSEMENT ONLY APPLIES IF FORM 0906-10 APPEARS ON THE POLICY DECLARATIONS

---

# ADDITIONAL INSURED - LESSOR

PP 03 19 08 86

Any liability and any required no-fault coverages afforded by this policy for **your leased auto** also apply to the lessor named in the Declarations as an additional insured. This insurance is subject to the following additional provisions:

1. **We** will pay damages for which the lessor becomes legally responsible only if the damages arise out of acts or omissions of:
   (a) **You** or any **family member,** or
   (b) Any other person except the lessor or any employee or agent of the lessor using **your leased auto**.
2. **Your leased auto** means:
   (a) An auto shown in the Declarations which **you** lease for a continuous period of at least six months under a written agreement which requires **you** to provide primary insurance for the lessor, and
   (b) Any substitute or replacement auto furnished by the lessor named in the Declarations.

42

3. If **we** terminate this policy, notice will also be mailed to the lessor.
4. The lessor is not responsible for payment of premiums.
5. The designation of the lessor as an additional insured shall not operate to increase **our** limits of liability.

**0906-10 (01/09) Copyright, Insurance Services Office, Inc., 1986.**

---

THE FOLLOWING ENDORSEMENT ONLY APPLIES IF FORM 0906-11 APPEARS ON THE POLICY DECLARATIONS

# SUSPENSION OF COVERAGE

This policy has suspended coverage as of the effective date of this endorsement for the listed coverages and autos per the **insureds** request. If coverage is suspended for at least thirty (30) consecutive days, you may be entitled to a refund of premium.

**0906-11 (01/09) Includes copyrighted materials from Insurance Services Office, Inc., with its permission.**

---

THE FOLLOWING ENDORSEMENT ONLY APPLIES IF FORM 0906-12 APPEARS ON THE POLICY DECLARATIONS

# REINSTATEMENT OF INSURANCE

PP 02 02 08 86

The coverages that were suspended are reinstated as of the effective date of this endorsement.

**0906-12 (01/09) Copyright, Insurance Services Office, Inc., 1986.**

43

THE FOLLOWING ENDORSEMENT ONLY APPLIES IF
FORM 0906-16 APPEARS ON THE POLICY
DECLARATIONS

# FEDERAL EMPLOYEES USING AUTOS IN GOVERNMENT BUSINESS

PP 03 01 08 86

The following are not **insured's** under Part **A**:

1. The United States of America or any of its agencies.
2. Any person with respect to **bodily injury** or **property damage** resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend that person in any civil action which may be brought for the **bodily injury** or **property damage**.

**0906-16 (01/09) Copyright, Insurance Services Offices, Inc., 1986, 1992.**

Form 0906                    Connecticut (01/09)



**Form 0906**          **Connecticut (01/09)**

Exhibit "D"

DocuSign Envelope ID: 20A6A63F-E12D-4C51-A278-99D2C241B6BB

**NAMED DRIVER EXCLUSION ENDORSEMENT SELECTION FORM (Form U-2)**

This endorsement forms a part of policy number: 5826708 issued to SAPRINA JEMISON

In consideration of the premium charged, we agree that insurance coverage is not afforded by this policy while any insured vehicle is being used, driven, operated or manipulated by or under the care, custody or control of the Named Excluded Driver(s). The Named Excluded Driver(s) is named on the declarations page of the policy.

In the event this Company shall become obligated to pay money because of a loss as a result of an accident involving any insured vehicle which is being operated by any excluded driver by this endorsement, the Named Insured agrees to reimburse the Company for all cost and expenses paid or incurred by the Company.

It is agreed that insurance coverage as provided under Bodily Injury Liability Coverage, Property Damage Coverage, Comprehensive and Collision Coverage is not provided for any claim arising from an accident or loss involving a covered auto or non-owned vehicle that occurs while being operated by an excluded driver. This exclusion does not apply to Medical Payments or Uninsured Motorist Coverages.

| Name | Date Of Birth | Relationship |
|------|---------------|--------------|
| HENRY JEMISON | 08/29/1966 | Spouse |

The Named Insured consents and agrees to the terms of this exclusion by signature below. Additionally, the Named Insured acknowledges and understands that the Named Driver Exclusion Endorsement will remain in effect for the term of the policy and for each renewal, reinstatement, substitute, modified, replacement or amended policy, until the endorsement is withdrawn by the Named Insured's written request. A coverage limitation is only briefly described here. Only the policy provides a complete description of the coverages and their limitations.

APPLICANT'S SIGNATURE POLICY #: 5826708:                             DATE:

DocuSigned by:

_7AE6DF0A0FF48F_

Dec-04-2014  |  17:06 ET

SAPRINA JEMISON
(If under 18, Guardian's Signature is required)

U-2 CT (03/14)

Exhibit "E"



OMNI INSURANCE COMPANY
PO BOX 105019
ATLANTA, GA 30348-5019
PHONE: 800-727-6664 / FAX: 800-680-1904

BRUCE D. RUBENSTEIN
124 JEFFERSON STREET
HARTFORD, CT 06106

September 07, 2018

Re: Insured:        SAPRINA JEMISON
    Claim Number:   2015-76033
    Policy Number:  5826708
    Date of Loss:   06/19/2015

Dear BRUCE D. RUBENSTEIN,

This is to confirm a copy of the law suit and Motion for Default Judgment filed by your office on 08/29/2018, for an incident occurring on 06/19/2015.

A Bodily Injury Liability claim has been submitted under policy number 5826708 issued to SAPRINA JEMISON. We have concluded our investigation of this matter and have also reviewed the applicable policy and underwriting information. Omni Insurance Company, who issued the applicable policy, respectfully denies Bodily Injury Liability coverage arising out of this matter for the following reasons.

We understand Henry Jemison was the operator of the insured vehicle at the time of this accident.

The policy provides, in pertinent part, as follows:

Coverage this policy provides for is limited by a number of exclusions. The exclusions list those risks for which coverage is specifically not provided. In particular please see Named Driver Exclusion Endorsement 0906-8 which states the following:

**NAMED DRIVER EXCLUSION**

If you have asked us in your application to exclude any person from coverage under this

policy, then we will not provide coverage for any claim arising from an accident or loss

involving your covered auto or non-owned auto that occurs while it is being operated by

the excluded person. This includes any claim for damages made against you, family

member or any other person or organization that is liable for an accident arising out of the

operation of your covered auto or nonowned auto by the excluded driver. This

includes any claim for damages for any negligence, which may be imputed by law to

you or a family member arising out of the maintenance, operation or use of a motor

vehicle by the excluded person.

Applying the facts of loss to the policy language, there is no Bodily Injury Liability for this matter because Henry Jemison is an excluded driver.

Because Policy 5826708 does not provide coverage for this accident, Omni Indemnity Insurance Company will not be providing you a defense in the abovementioned lawsuit. This means that Omni Indemnity Insurance Company will not be hiring an attorney to defend you in this matter. It will be solely your responsibility to respond to the lawsuit as necessary.

Should you have any other insurance coverage in your household or that may be applicable for this accident, and if you have not already done so, please contact that carrier to place them on notice. This will allow you to take the necessary steps to protect yourself in this matter.

If an additional lawsuit is filed against you, or if additional claims are added to the abovementioned suit, please notify us immediately. In light of the fact that there are claims being made against you that are not covered by the applicable policy, we suggest that you consider consulting with an attorney—at your own expense—to adequately protect your interests and advise you in this matter. You also have the right to contribute personal funds toward the settlement of any claim.

Should you have any additional information that may affect our decision, we ask that you please contact us immediately. In addition, please do not hesitate to contact me with any questions.

Randy Melton

Claim Litigation Representative
On behalf of Omni Insurance Company